ARTHUR M. TIBER, Appellant, *v.* CECIL B. TIBER, Respondent.

First Department, October 6, 1953.

*Richard H. Wels* of counsel (*Moss & Wels,* attorneys), for appellant appearing specially.

*Avel B. Silverman* for respondent.

BREITEL, J. Plaintiff husband appeals from an order permitting defendant wife to serve an amended or supplemental answer, and denying him leave to discontinue or to enter a final judgment. The proposed answer sets up a counterclaim for a declaratory judgment determining that the husband's 1943 Maryland divorce was invalid.

It is our opinion that the wife's motion should have been denied.

The parties were married in 1929, and physically separated in 1932. There were no children. In 1933 an action for separation was brought by the husband and that year a separation

agreement was entered into between the husband and wife. The agreement provided for support payments to the wife and authorized the entry of a final judgment by either. No final judgment was in fact entered. An order approving the agreement was entered. That order carried the provision of the agreement authorizing the entry of final judgment by either party.

In those years the husband was an interne in a hospital, and the wife was a New York City school teacher. In 1943 the husband was in the army and stationed in Maryland. He obtained a divorce in that State. Thereafter he remarried, settled in Ohio, where he now practices medicine, and has three children. Defendant has not remarried and is still a school teacher in New York City and is about to retire.

In 1952 defendant made the motion to interpose the amended answer and counterclaim.

We pass by quickly the procedural points raised as to the status of the attorneys. There is sufficient to sustain the view that the parties in fact appeared generally by their respective attorneys of recent retainer. Moreover, no useful purpose is served in protracting the technical issues raised. Insofar as plaintiff husband moved for alternative relief after the main motion had been decided, the application was entertainable as a new motion, rather than as an application for reargument. The husband had indeed " defaulted " on the merits, because he chose to resist the earlier motion on procedural grounds.

Although the action was never terminated by final judgment, its life was merely technical. In fact the action had been settled and determined in 1933. All that was lacking was the *pro forma* entry of a judgment. The survival of the action for purposes of section 1170 of the Civil Practice Act is but for the limited purposes of support, and maintenance and custody where there are children. To permit this stale action to be revived nineteen years later to interpose a counterclaim on facts ten years old, and when at the time the facts occurred it could not have been interposed as a counterclaim (section 1168 of the Civil Practice Act, repealed in 1948), would not be fair or orderly.

There is no circumstance favoring the exercise of discretion in favor of the wife, except the difficulties of obtaining personal jurisdiction over the husband who is now in Ohio. That is not enough. The action is, for all but technical purposes, dead. The counterclaim depends on facts that are stale. The husband has remarried, is raising a family, and is settled elsewhere. The parties have lived apart under a separation agreement for

almost two decades, with but minor disagreements thereunder. The wife may very well be entitled to the relief she seeks, but not to the extent that would warrant reviving this stale lawsuit. For such relief on grounds arisen ten years after the action was brought and almost ten years before she seeks the relief, she should be required to bring a new action.

Accordingly, the order of Special Term should be modified (1) to provide that denial of plaintiff's motion for leave to enter final judgment is without prejudice to any further application therefor *nunc pro tunc* or otherwise or such other step should plaintiff deem it advisable; by (2) granting plaintiff's motion to vacate the earlier order granting leave to serve a supplemental (called amended) answer; (3) denying defendant's motion for leave to serve the supplemental (called amended) answer, and otherwise affirming such order insofar as it (a) denied plaintiff's motion for permission to enter a final judgment; and (b) denied plaintiff's motion to vacate services of motion papers on his attorneys, Moss & Wels.

Settle order.

PECK, P. J., GLENNON, COHN and BOTEIN, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice.